CLERK'S COPY

FILED
AT ALBUQUERQUE NM

JAN 2 0 2000

ROBERT M. MARCH
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHARLES NEIDERSTADT,

Applicant,

ROBERT O'CONNOR,
ASUSINA "SUSIE" NEIDERSTADT,

Third-Party Applicants,

v.

No. CIV-99-1518 MV/KBM

MIKE BORREGO, DIRECTOR,
LINCOLN COUNTY DETENTION CENTER,
ATTORNEY GENERAL PATRICIA MADRID,

Respondents.

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* for preliminary consideration of Applicant's

application for writ of habeas corpus. The application is signed by Applicant's mother, Asusina "Susie"

Neiderstadt, and by a Robert O'Connor. Applicant is apparently confined in the Lincoln County, New

Mexico, Detention Facility. The application claims Applicant is confined in violation of his

constitutional rights. A motion for leave to proceed in forma pauperis and a motion for hearing and

production of documents, signed by the same two individuals, were filed with the application for writ

of habeas corpus.

However meritorious Applicant's asserted claims may be, this application faces at least two

significant preliminary hurdles. First, the absence of Applicant's signature raises a two-part

jurisdictional issue. A third party may file a habeas corpus application on behalf of a prisoner if the

relationship between the third party and the prisoner is sufficiently close, *Hamilton v. Texas*, 497 U.S.

1016, 1017 (1990); *Hays v. Murphy*, 663 F.2d 1004, 1008 (1981), and if the application explains why



the prisoner cannot prosecute the application. *Demosthenes v. Baal*, 495 U.S. 731, 733 (1990); *Hays*, 663 F.2d 1008. Here, the application appears to have been drafted by Mr. O'Connor and signed by Applicant's mother. The maternal relationship clearly meets the initial jurisdictional requirement, *Hays*, 663 F.2d at 1008, but the application provides no description of Mr. O'Connor's relationship to the Applicant. Mr. O'Connor may not proceed as a third-party petitioner in this proceeding. Nor does the application provide a specific, detailed explanation why Ms. Neiderstadt's son is unable to prosecute his habeas corpus application.

Applicant's second hurdle is the requirement that state court remedies must be exhausted before a federal habeas corpus application may be considered. 28 U.S.C. § 2254(b)(1)(A). The instant application provides no indication whether Applicant's state court remedies have been exhausted.

IT IS THEREFORE ORDERED that Robert O'Connor is DISMISSED as a Third-Party Applicant in this proceeding;

IT IS FURTHER ORDERED that, within twenty (20) days from entry of this order, an amended application may be filed, signed only by the inmate *pro se* or by his mother or an attorney on his behalf;

IT IS FURTHER ORDERED that the amended application must provide a specific, detailed explanation why Applicant is unable to prosecute his habeas corpus application, and must describe the state court remedies that have been exhausted; failure to timely file such papers will result in dismissal of this action without further notice;

IT IS FINALLY ORDERED that the Clerk is directed to mail to Applicant and to Asusina "Susie" Neiderstadt, together with a copy of this order, the following forms: 2 copies of the form § 2254 application with instructions.

_____
UNITED STATES DISTRICT JUDGE